UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WESLEY WILLIAM KESSLER, | No. 2:16-cv-1552-EFB P |
| Plaintiff, | |
| v. | ORDER |
| J. BORESZ, | |
| Defendant. | |

Plaintiff is a county inmate proceeding without counsel in an action brought under 42 U.S.C. § 1983. He has filed an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

I. **Request to Proceed In Forma Pauperis**

Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

II. **Screening Requirement and Standards**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion

1

of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-557. In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

**III.   Screening Order**

The court has reviewed plaintiff's complaint (ECF No. 1) pursuant to § 1915A and finds that it must be dismissed with leave to amend. Plaintiff names Officer J. Boresz as the defendant. According to the complaint, plaintiff was "asked to prone out a certain way" while he was being arrested. ECF No. 1 at 3. Plaintiff informed the defendant that he could not prone out as

requested due to a recent operation on his shoulder. *Id.* Defendant then "demanded" that plaintiff prone out, and plaintiff maintained that he could not. The defendant then grabbed plaintiff's right hand and twisted it behind plaintiff's back, causing injury to plaintiff's right rotator cuff. *Id.* Plaintiff seeks compensatory and punitive damages as relief. *Id.* Although plaintiff does not identify any claims for relief, it appears that he wishes to pursue a claim of excessive force. However, as explained below, plaintiff's scant allegations are not sufficient to state a claim upon which relief could be granted. To proceed, plaintiff must file an amended complaint.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978).

In order to state a claim for the use of excessive force by a pretrial detainee, a plaintiff "must show only that the force purposely or knowingly used against him was objectively unreasonable." *Kingsley v. Hendrickson*, __ S. Ct. __, 2015 U.S. LEXIS 4073, at *12 (June 22, 2015). Plaintiff does not allege that defendant forced him to prone out in the position to which plaintiff objected. Plaintiff merely alleges that, despite informing defendant of a "recent" shoulder operation (without specifying right or left), defendant twisted plaintiff's right hand during the course of arrest. Plaintiff alleges no other facts regarding the circumstances at the time of his arrest. These allegations fail to show that defendant's use of force was objectively unreasonable. Plaintiff may be able to state a cognizable excessive force claim if he can allege facts demonstrating that the force used was objectively unreasonable under the circumstances.

Plaintiff will be granted leave to file an amended complaint, if plaintiff can allege a cognizable legal theory against a proper defendant and sufficient facts in support of that cognizable legal theory. *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc)

3

(district courts must afford pro se litigants an opportunity to amend to correct any deficiency in their complaints). Should plaintiff choose to file an amended complaint, the amended complaint shall clearly set forth the claims and allegations against each defendant.

Any amended complaint must not exceed the scope of this order and may not add new, unrelated claims. Further, any amended complaint must cure the deficiencies identified above and also adhere to the following requirements:

Any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of a federal constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). It must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

Finally, the court cautions plaintiff that failure to comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order may result in this action being dismissed. *See* E.D. Cal. L.R. 110.

IV. **Summary of Order**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed in forma pauperis (ECF No. 2) is granted.
2. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the Sheriff of Sacramento County filed concurrently herewith.

4

3. The complaint is dismissed with leave to amend within 30 days. The amended complaint must bear the docket number assigned to this case and be titled "First Amended Complaint." Failure to comply with this order will result in this action being dismissed for failure to state a claim. If plaintiff files an amended complaint stating a cognizable claim the court will proceed with service of process by the United States Marshal.

Dated: October 3, 2017.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE