UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WESLEY WILLIAM KESSLER, | No. 2:16-cv-1552-EFB P |
| Plaintiff, | |
| v. | ORDER |
| J. BORESZ, | |
| Defendant. | |

Plaintiff, a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983, has filed an amended complaint (ECF No. 9) which is now before the court for screening.[1] As discussed below, this complaint, like its predecessor, fails to state a cognizable claim.

## Screening Requirements

The court is required to screen complaints brought by prisoners[2] seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The

---

[1] The court dismissed plaintiff's original complaint with leave to amend after finding that it failed to state a viable claim upon which relief could be granted. ECF No. 6 at 3.

[2] The incidents giving rise to this action allegedly occurred while plaintiff was a pre-trial detainee.

1

court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984). "[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless." *Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989) (citation and internal quotations omitted), *superseded by statute on other grounds as stated in Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000); *Neitzke*, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. *Id.*

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." *Id.* (citations omitted). "[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp.*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question,

2

*Hospital Bldg. Co. v. Rex Hosp. Trs.*, 425 U.S. 738, 740 (1976), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

## Screening Order

Plaintiff alleges that, on April 20, 2016, he was arrested by officers from the Sacramento Police Department on "unknown charges." ECF No. 9 at 3. He claims that an officer (it is not clear which) ordered him to "prone out." *Id.* He states that he told one of the officers – defendant Hight – that a recent surgical operation rendered him unable to comply. *Id.* Plaintiff alleges that, at this time, defendant Boresz was pointing a taser at him. *Id.* After plaintiff did not "prone out", defendant Hight allegedly jumped on his back and twisted his right hand behind his back. *Id.* Plaintiff claims that this was excessive force and that defendant Boresz did not intervene to stop it. *Id.*

The Fourth Amendment guarantees "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures . . . ." U.S. CONST. amend. IV. "The Fourth Amendment requires police officers making an arrest to only use an amount of force that is objectively reasonable in light of the circumstances facing them." *Blankenhorn v. City of Orange*, 485 F.3d 463, 477 (9th Cir. 2007). "Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates the Fourth Amendment." *Graham v. Connor*, 490 U.S. 386, 396 (1989) (internal citation and quotation omitted). "Force is excessive when it is greater than is reasonable under the circumstances." *Santos v. Gates*, 287 F.3d 846, 854 (9th Cir. 2002). "The reasonableness inquiry in an excessive force case is an objective one: the question is whether the officers' actions are objectively reasonable in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Lolli v. County of Orange*, 351 F.3d 410, 415 (9th Cir. 2003) (quoting *Graham*, 490 U.S. at 497) (internal quotation marks omitted).

Plaintiff's initial complaint was dismissed because he had failed to offer any allegations regarding the specific circumstances of his arrest. ECF No. 6 at 3. The amended complaint does not meaningfully address this deficiency. Plaintiff simply repeats his allegation that he told the

arresting officers of his injury, and that they effected an arrest which did not account for the injury. ECF No. 9 at 3. The court cannot, however, conclude these allegations give rise to an excessive force claim without some indication of facts and circumstances which confronted the officers at the time they made the arrest. These include, but are not limited to, facts showing that: (1) there were clear and potential threats to the officers' safety (including other individuals who may have been present); (2) plaintiff indicated a willingness to submit to submit to the officers' control; and (3) what circumstances led to the confrontation and arrest. Plaintiff will be afforded one final opportunity to address this deficiency by way of a second amended complaint.[3]

## Leave to Amend

Plaintiff may choose to amend his complaint. He is cautioned that any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of his constitutional rights. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). Plaintiff may also include any allegations based on state law that are so closely related to his federal allegations that "they form the same case or controversy." *See* 28 U.S.C. § 1367(a).

The amended complaint must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Nor may he bring unrelated claims against multiple defendants. *Id.*

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended

---

[3] Plaintiff also alleges that the Sacramento Police Department failed to train its officers "to protect and serve the community." ECF No. 9 at 4. The court interprets this as a claim against the department for failing to train officers to avoid using excessive or unreasonable force. As such, this claim must also be dismissed with leave to amend insofar as a viable excessive force claim is a necessary prerequisite.

complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

Any amended complaint should be as concise as possible in fulfilling the above requirements. Fed. R. Civ. P. 8(a). Plaintiff should avoid the inclusion of procedural or factual background which has no bearing on his legal claims. He should also take pains to ensure that his amended complaint is as legible as possible. This refers not only to penmanship, but also spacing and organization. Plaintiff should carefully consider whether each of the defendants he names actually had involvement in the constitutional violations he alleges. A "scattershot" approach in which plaintiff names dozens of defendants will not be looked upon favorably by the court.

<u>Conclusion</u>

Based on the foregoing, it is ORDERED that:

1. Plaintiff's amended complaint (ECF No. 9) is dismissed with leave to amend within 30 days of service of this order; and

2. Failure to comply with this order may result in dismissal of this action.

DATED: September 25, 2018.

                                                  /s/ Edmund F. Brennan
                                                  EDMUND F. BRENNAN
                                                  UNITED STATES MAGISTRATE JUDGE